375 S.E.2d 818

**Gary E. DUSTIN and Michael E. Dustin**

**v.**

**James Lester MILLER and Lavana Miller, husband and wife, and Kenneth Miller.**

**No. 18018.**

Supreme Court of Appeals of West Virginia.

Dec. 16, 1988.

Richard G. Gay, Berkeley Springs, for appellants.

David H. Savasten, Berkeley Springs, for appellees.

PER CURIAM:

This is an appeal by James Lester Miller, Lavana Miller, and Kenneth Miller from an order of the Circuit Court of Morgan County overruling their motions for judgment notwithstanding a verdict or for a new trial in this ejectment proceeding. The jury had returned a verdict against the appellants, and in their motions they claimed that the verdict was contrary to the evidence, that the jury had misunderstood the instructions given by the court, and that the appellees' claims were barred by the statute of limitations. In the present proceeding they contend that the trial court erred in overruling their motions. After reviewing the record, this Court can find no reversible error. Accordingly, the judgment of the Circuit Court of Morgan County is affirmed.

The appellants, the Millers, and the appellees, the Dustins, owned adjoining tracts of land. A dispute arose over the location of the boundary line between the two tracts, and the Dustins instituted an action in the Circuit Court of Morgan County praying that the appellants be enjoined from trespassing upon and interfering with their peaceable possession of the contested land. They averred that they owned the land, and they prayed that the court determine the location of the boundary line. They also prayed that they be awarded damages for destruction of trees on the disputed property. The appellants filed an answer and counterclaim in which they alleged, among other points, that they had acquired ownership of the property in dispute by adverse possession and that the appellees' claims were barred by the statute of limitations.

A trial by jury was held on August 19, 1986. After the jury had retired to deliberate it submitted a question to the court, the question being: "Definition please! Color of title? Deed of title?" The court responded with an instruction approved by counsel for both parties which stated:

A claim of title has generally been held to mean nothing more than that the claimant enters upon the land with intent to claim it as his own, whereas color of title imports there is an instrument giving the appearance of title but which instrument in point of law does not.

After deliberating further, the jury returned a verdict in favor of the Dustins, the appellees, finding that they were owners in fee simple of the parcel of real estate in dispute. The jury also awarded the Dustins $500.00 in damages.

After the jury had returned its verdict, the appellants filed a motion for judgment notwithstanding the verdict and for a new trial. They alleged that the verdict of the jury was contrary to the evidence, that the jury was confused and had misunderstood the instructions concerning the terms "color of title" and "claim of right", and that the Dustins were barred by the statute of limitations from bringing their claim. They also asserted that newly discovered evidence indicated that the predecessor of one of the parties had acknowledged a survey indicating that the boundary line alleged by the appellants was proper. After taking the matter under advisement, the circuit court, on December 18, 1986, overruled the motion. From that ruling the appellants now appeal.

One of the appellants' principal assignments of error is that the jury's verdict was contrary to the evidence in the case. They specifically argue that the evidence clearly showed that they owned the property in dispute by adverse possession. We find this to be without merit.

To establish adverse possession a party must establish certain facts. Those facts are clearly set out in syllabus point 3 of *Somon v. Murphy Fabrication & Erection Company*, 160 W.Va. 84, 232 S.E.2d 524 (1977):

One who seeks to assert title to a tract of land under the doctrine of adverse possession must prove each of the following elements for the requisite statutory period: (1) That he has held the tract adversely or hostilely; (2) That the possession has been actual; (3) That it has been open and notorious (sometimes stated in the cases as visible and notorious); (4) That possession has been exclusive; (5) That possession has been continuous; (6) That possession has been under claim of title or color of title.

An examination of the record in the case presently under consideration shows that the appellants' evidence on many of the points relating to adverse possession was contradicted or subject to varying interpretations. The appellants essentially indicated that they had acquired their property in 1962 and that in 1963 they had erected a fence setting off the land which they claimed by adverse possession. They claimed that after that time they engaged in timbering and the removal of firewood from the property in dispute. They also hunted on it and used a logging road which ran across it. The appellees, on the other hand, disputed the appellants' evidence. For instance, although the appellants claim that they had used the property for timber-

ing and firewood, the appellees called an expert forester who indicated that he could find no evidence of any recent wood cutting on the property. They suggested that the fence which was allegedly erected to bound the disputed parcel was nothing more than a single strand of rusted barbed wire strung between trees, something inadequate to make notorious the possession that the appellants asserted. There was some question as to whether the appellants' hunting and use of the logging road prior to the early 1980's were sufficient to meet the continuous requirements of adverse possession.

In circumstances such as those presented, this Court has indicated that:

> Where, in the trial of an action at law before a jury, the evidence is conflicting, it is the province of the jury to resolve the conflict, and its verdict thereon will not be disturbed unless believed to be plainly wrong.

Syllabus point 2, *Rhodes v. National Homes Corp.*, 163 W.Va. 669, 263 S.E.2d 84 (1979). Under the circumstances of the present case the trial court did not err in submitting the adverse possession question to the jury or in failing to set aside the verdict as contrary to or unsupported by the evidence.*

■ The appellants next claim that the jury misunderstood the instructions given by the court in this case.

It is true that the jury submitted a communication to the court after it had retired to deliberate. In that communication the jury asked for a definition of "color of title, deed of title." In response to the jury's query, the court instructed the jury on what is legally meant by claim of title and what is meant by color of title in the adverse possession situation.

Generally, it is not reversible error for a trial court to instruct the jury, at its request after it has retired to deliberate, so long as the instruction given correctly propounds the law. *See Gay v. Gay,* 74 W.Va. 800, 83 S.E. 75 (1914); *Freeman v. Freeman,* 71 W.Va. 303, 76 S.E. 657 (1912). This Court believes that the instruction given by the court in the case presently under consideration was appropriate.

Where a case has been submitted to a jury an appellate court cannot presume that the jury did not understand or follow the clear import of the instructions given. *See Iacuone v. Pietranton,* 138 W.Va. 776, 77 S.E.2d 884 (1953); *Tennessee Gas Transmission Co. v. Fox,* 134 W.Va. 106, 58 S.E.2d 584 (1950). While it is true that in the present case the jury's single query indicated some initial uncertainty regarding the meaning of "color of title" and "deed of title", that communication, standing alone, did not show that the jury, after the court gave further instruction, was so confused as to vitiate its verdict.

■ Another assignment of error advanced by the appellants is that the appellees' action was barred by *W.Va.Code,* 55–2–1, the ten-year statute of limitations on ejectment. They essentially argue that the evidence shows that they took possession of the property in dispute in 1963 and that the appellees' action was not filed until more than twenty years later.

It is a fundamental rule in this State that a statute of limitations period does not begin to run until a cause of action accrues or until the right to sue accrues. *Conaway v. Eastern Associated Coal Corp.,* 178

---

* In addition to claiming that the evidence clearly shows that they acquired title to the property in question by adverse possession, the appellants also argue that the appellees' predecessor in title acknowledged a survey prepared by J.D. Richards which supported the appellants' claim. They, in effect, argue that Ms. Watts' acknowledgement established the boundary line by acquiescence and recognition. In syllabus point 11 of the early case of *Wade v. McDougle,* 59 W.Va. 113, 52 S.E. 1026 (1906), the Court stated:

> To establish a line between adjoining owners, in absence of express agreement fixing it, by acquiescence and recognition, there must be possession actual up to it by the party claiming the benefit of the line at least for a time prescribed by the statute of limitation, with acquiescence and recognition of such line by the other part, he knowing of such claim by his adversary.

As explained in the body, the character of the appellants' possession of the land was not so clear as to afford them ownership of the land under acquiescence and recognition as a matter of law.

W.Va. 164, 358 S.E.2d 423 (1986); *Greer Limestone Co. v. Nestor,* 175 W.Va. 289, 332 S.E.2d 589 (1985).

As previously discussed, the evidence relating to when and how the appellants took possession of the property in dispute is not altogether clear or uncontradicted. While they claim that they engaged in timbering operations in the 1960's, the appellees' forester indicated that no timbering was done in that time period. While they claim they fenced the area in dispute, there is some question as to whether the fence was of such a character to make their claim notorious. While there is evidence they hunted on the property and crossed a road on it on occasion, there is some question as to whether the hunting and road use were sufficiently continuous to establish adverse possession. In the early case of *Core v. Faupel,* 24 W.Va. 238, 246–247 (1884), this Court stated:

> It is not sufficient for the wrongdoer to show an act of adverse possession at a point more than ten years prior to the bringing of the action against him. He must show that such adverse possession has been continued, consecutive and unbroken for the statutory period. It is something done by him not merely that which is left undone by the owner that is to be considered. There can be no constructive adverse possession against the owner, when there is no actual possession which he could treat as a trespass and bring an action for; unless the adverse claimant is so in possession of the land that he may at any time be sued as trespasser the statute will not run in his favor; and although he may have taken actual possession, if he does not continue there so that he may be sued at any time as a trespasser during the prescriptive bar, he cannot rely on the statute of limitations.

Under these principles, and under the facts of the present case, the trial court did not err in refusing to hold the action barred by the statute of limitations and in allowing trial of the case to proceed.

For the reasons stated, the judgment of the Circuit Court of Morgan County is affirmed.

AFFIRMED.